Affirmed and Opinion of July 22, 2008 Withdrawn; Substitute Opinion
filed December 18, 2008








Affirmed
and Opinion of July 22, 2008 Withdrawn; Substitute Opinion filed December 18,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00021-CR

_______________

 

JONATHAN JOE COOPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District
Court

Harris County, Texas

Trial Court Cause No. 1024950

                                                                                                                                               


 

S U B S T I T U T E  O P I N I O N

 

This
court=s July 22, 2008 opinion is hereby
withdrawn and this opinion is substituted in its place.  

A jury
found appellant, Jonathan Joe Cooper, guilty of murder and assessed punishment
at nineteen years= confinement.  In a single issue, appellant contends the
evidence is factually insufficient to support the State=s burden of persuasion relative to
appellant=s justification defenses.








I. Background

On the
night of April 22, 2005, Janorris Banks, complainant=s cousin, contacted Kwame
Cheremetang, attempting to arrange the sale of Xanax between Cheremetang and a
third party.  Tiffany Edmonds, appellant=s friend, subsequently drove
Cheremetang and appellant to Janorris=s residence to complete the sale.

Upon
arriving at the residence, Cheremetang and Janorris began to argue about
details of the transaction.  At some point during this argument, appellant saw
Janorris enter the house and return, holding a large butcher knife. 
Cheremetang and Janorris continued to argue until appellant convinced
Cheremetang to leave.  However, as they left, Cheremetang and appellant
informed the buyer that they would return later to complete the sale.

Approximately
thirty minutes later, Edmonds drove Cheremetang and  appellant back to Janorris=s residence, stopping just past the
property.  Cheremetang and appellant observed a group of men, including
Janorris and complainant, Patrick Banks, congregated outside the house.  After
Edmonds stopped the car, complainant began to yell obscenities at Cheremetang
and appellant while walking aggressively towards the car.  As Cheremetang
opened the front door of the car, complainant punched Cheremetang through the
partly open front passenger window, causing Cheremetang to lose consciousness
and severely injuring Cheremetang=s left eye.[1] 
According to appellant, complainant was holding a knife when he lunged toward
appellant through the open rear passenger window.  Appellant shot complainant
three times C twice through the cheek and once through the shoulder C killing him.[2]








Immediately
after the shooting, with the front door of the vehicle partly open, Edmonds
drove away.  She proceeded to a car wash where she and appellant attempted to
clean complainant=s blood from the vehicle.  At some point later, appellant
dismantled and disposed of the gun he had used to shoot complainant.  Appellant
also changed his hair style by cutting his long, braided hair short.

Appellant
was eventually arrested and indicted for murder.  A jury found appellant
guilty.  

II. Analysis

Appellant
concedes that the State=s evidence established the underlying elements of murder.  However, in a single issue, appellant contends the evidence
is factually insufficient to support his conviction because the State failed to
meet its burden of persuasion in disproving his defenses of self-defense and
defense of a third person.  Specifically, appellant contends the State=s evidence was Aso weak that it undermines confidence
in the jury=s rejection of self-defense because it could not shoulder the burden of
persuasion beyond a reasonable doubt that appellant was not acting in
self-defense or in defense of a third person.@








In
evaluating factual sufficiency of the evidence, we view all the evidence in a
neutral light and will set aside the verdict only to prevent manifest
injustice.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  In conducting a factual-sufficiency review, we engage in a two-prong
test to determine whether there is some objective basis to find (1) that the
evidence in support of the jury=s verdict is so weak that the jury=s verdict seems clearly wrong and
unjust; or (2) in considering conflicting evidence, the jury=s verdict is against the great weight
and preponderance of the evidence.  Id. at 417.  When a defendant
challenges factual sufficiency of the evidence supporting a fact-finder=s rejection of a defense, we review
all of the evidence in a neutral light and ask whether the State=s evidence, considered  alone, is too
weak to support the finding and whether the proof of guilt, although adequate,
if taken alone, is against the great weight and preponderance of the evidence. 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).[3] 


Conduct
otherwise proscribed as criminal may be justified under certain circumstances. 
See Luck v. State, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979). The law
in effect at the time of complainant=s killing provided, in pertinent
part:

 A person
is justified in using deadly force against another:

(1) if he
would be justified in using force against the other [in self defense];[4]

(2) if a
reasonable person in the actor=s situation
would not have retreated; and 

(3) when
and to the degree he reasonably believes the deadly force is immediately
necessary . . . to protect himself against the other=s use or attempted use of unlawful deadly force[.]

 

Act of May 27, 1995, 74th
Leg., R.S., ch. 235, ' 1, 1995 Tex. Gen. Laws 2141, 2141 amended by Act of
March 27, 2007 80th Leg., R.S., ch. 1 ' 5, 2007 Tex. Gen. Laws 1, 2
(codified as an amendment of Tex. Penal Code Ann. ' 9.32).[5]








Additionally,
the use of deadly force in defense of a third person is a justification for
otherwise criminal conduct.  See Tex. Penal Code Ann. ' 9.33 (Vernon 2003); Hughes v.
State, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986).  A person asserting this
defense stands in the shoes of the third person.  Hughes, 719 S.W.2d at
564.  The use of deadly force to protect a third person is justified in any
situation in which the third person would be justified in using deadly force to
protect himself.  See id. 

A
defendant has the burden to produce some evidence to support his justification
defense.  See Zuliani, 97 S.W.3d at 594.  Once the defense is raised,
the State bears the burden of persuasion in disproving the defense, but not the
burden of affirmatively producing evidence refuting the claimed defense; the
State is required only to prove its case beyond a reasonable doubt.  Id.;
Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); Roy v.
State, 161 S.W. 3d 30, 36 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
Accordingly, when the fact-finder determines that the defendant is guilty,
there is an implicit finding against the defensive theory.  Zuliani, 97
S.W.3d at 59;  Miller v. State, 177 S.W. 3d 177,183 (Tex. App. CHouston [1st Dist] 2005).[6]

Appellant
contends the evidence demonstrates that he acted in self-defense or in defense
of Cheremetang when he shot complainant.  Appellant testified that complainant
was wielding a knife when complainant lunged directly at appellant through the
rear passenger-side window of Edmonds=s vehicle.  Accordingly to appellant,
this attack occurred after appellant observed complainant strike Cheremetang
with brass knuckles.  Additionally, appellant argues that his perceived need to
use deadly force to protect himself or Cheremetang was reasonably influenced by
his earlier observation of the argument between Janorris and Cheremetang during
which Janorris armed himself with a butcher knife.








Despite
appellant=s cited evidence, we cannot conclude the jury=s verdict is clearly wrong and unjust
or against the great weight and preponderance of the evidence.  In assessing
guilt, the jury must have rejected appellant=s justification theories.  See
Zuiliani, 97 S.W.3d at 594.

Ronald
Banks and Kenneth Foreman, two eyewitnesses to complainant=s killing, testified that complainant
was not wielding any weapon when he was shot.  When he was initially
interviewed by police, appellant did not state that the complainant was
wielding a knife or any weapon.  Although police discovered a butcher knife on
the premises similar to the one Janorris was holding when the argument with
Cheremetang ensued, the officers did not discover any physical evidence that
complainant actually used a weapon to attack Cheremetang or appellant.  The
physical damage to Cheremetang=s face and eye was consistent with a bare knuckle impact. 
Appellant testified that he did not shoot complainant until complainant lunged
directly at him through the window of the right rear car door. Conversely,
Ronald Banks testified that complainant was shot as complainant fought with
Cheremetang at the front passenger side door of Edmonds=s vehicle.

Dr. Sara
Chauvin, an assistant Harris County medical examiner who conducted complainant=s autopsy, testified that complainant
was shot twice through his left cheek, indicating complainant was shot at an
angle, corroborating Ronald Bank=s testimony.  Investigating officers
discovered only a small amount of blood inside the vehicle, notwithstanding the
gross amount of blood at the scene.  The results of ballistics tests are
consistent with Ronald Bank=s testimony.  Moreover, the location of bullet wounds and
abrasions on complainant=s body supports the State=s contention that complainant was
outside the car when he was shot.








Appellant
contends the State=s failure to call either Janorris Banks or Tiffany  Edmonds
resulted in Afatal weakness of evidence.@  Citing Waldon v. State,
appellant argues that the Aabsence of evidence can create a logical gap in the necessary
proof or disproof of an element that the remaining evidence is thereby rendered
too weak to support a jury finding.@  579 S.W.2d 499, 502 (Tex. Crim.
App. 1979).  However, as appellant concedes, the Court of Criminal Appeals
overruled the standard enunciated in  Waldon, holding A[w]hat is not in evidence is
irrelevant to a determination of the sufficiency of the evidence.@  Chambers v. State, 711
S.W.2d 240, 245 (Tex. Crim. App. 1986).  Moreover, the State presented
testimony from two eyewitnesses to the shooting.  Even if we employed the Waldon
construct, under these facts, we conclude the absence of testimony from two
other eyewitnesses does not create such a logical gap in the necessary proof
that the evidence presented by the State is rendered too weak to support the
verdict. Generally, a logical gap in necessary proof is not created by the
failure to call witnesses who might present testimony that conflicts with other
witnesses. 

Appellant
argues that Ronald Banks=s and Kenneth Foreman=s testimony could not support the
jury=s verdict because of conflicts with
appellant=s and Cheremetang=s testimony.  Additionally, appellant notes that neither
Ronald Banks nor Kenneth Foreman could recall all the details surrounding the
killing, although Ronald Banks and Kenneth Foreman were standing nearby when
the shooting occurred.  The jury was in the best position to judge the
credibility of the witnesses and weigh conflicts in the evidence, and we defer
to its judgment unless the record clearly indicates that a different result is
appropriate.  See Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App.
2000). 








Appellant
also contends his conduct after the shooting is marginally relevant and Aweakly probative@ relative to consciousness of guilt. 
Appellant argues that his decision to retreat from an existing threat and
failure to contact or cooperate with police does not logically indicate he was
unjustified in shooting the complainant.  However, we review all the evidence,
even evidence unrelated to appellant=s justification defenses.  While
evidence indicating a consciousness of guilt, standing alone, is insufficient
to support a conviction, evidence indicating consciousness of guilt is a
circumstance from which the jury may draw an inference of guilt.  See e.g.
Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979) (holding
evidence of flight is a circumstance from which jury may draw an inference of
guilt). In this case, appellant fled immediately after shooting complainant.  Additionally,
Edmonds and appellant attempted to clean complainant=s blood from the vehicle.  Further,
appellant changed his appearance by cutting his long hair after the complainant
was killed.  Moreover, appellant dismantled and disposed of the gun he used to
shoot complainant.  Although this evidence alone is insufficient to support the
jury=s verdict, taken together with the
other evidence adduced at trial, it indicates a consciousness of guilt and
lends additional support to the jury=s verdict.  See id.

After
reviewing all the evidence, consistent with our standards of review, we
conclude that the there is no great weight or preponderance of evidence
supporting appellant=s justification defenses; alternatively, the evidence is not
so weak that it undermines confidence in the jury=s rejection of appellant=s justification defenses. 
Accordingly, we hold the State fulfilled its burden of persuasion relative to
appellant=s justification defenses.  

Appellant=s sole
issue is overruled, and the judgment of the trial court is affirmed.[7] 
                                                                                                                                                                     

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Substitute
Opinion filed December 18, 2008.

Panel consists of Chief Justice
Hedges and Justices  Frost and Seymore.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  According to appellant and Cheremetang, complainant
used brass knuckles to strike Cheremetang.  However, eyewitnesses Ronald Banks
and Kenneth Foreman, complainant=s
cousins, testified that complainant did not use a weapon that night.





[2]  Ronald Banks also contradicted appellant=s testimony regarding the events occurring immediately
after complainant struck Cheremetang, testifying that complainant was by the
front door of Edmonds=s car when appellant shot him.





[3]  Appellant erroneously asserts that Zuliani
was not a self-defense case.  However, Zuliani was charged with
assault and contended that he acted in self-defense. See Zuliani,
97 S.W. 3d at 593.  Accordingly, our disposition of this appeal is informed by
the analysis and disposition of the Court of Criminal Appeals in Zuliani.





[4]  A person is justified in using force in self defense
against another when and to the degree he reasonably believes force is
immediately necessary to protect himself against the other=s use or attempted use of unlawful force.  See Act
of June 19, 1993, 73rd Leg. R.S., ch. 900, '
1.01, 1993 Tex. Gen. Laws 3586, 3598, amended by Act of March 27, 2007,
80th Leg., R.S., ch. 1 ' 5, 2007 Tex. Gen. Laws 1, 2 (codified as an amendment
of Tex. Penal Code Ann. ' 9.31). 





[5]  Although the legislature has amended sections 9.31
and 9.32 of the Penal Code, the offenses for which the jury convicted appellant
occurred on April, 22, 2005, which was before the September 1, 2007 effective
date of the amendments.  Accordingly, our analysis of appellant=s issues is governed by the previous version of the
statutes.  Act of June 19, 1993, 73rd Leg. R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3598 (amended 2007);
Act of May 27, 1995, 74th Leg., R.S., ch. 235, ' 1,  1995 Tex. Gen. Laws 2141, 2141 (amended 2007).





[6]  Seeking reversal of a Aguilty@ verdict, appellant contends this court should employ
a ASpecial Review,@
described as a Aweakness of evidence@ factual-sufficiency review, singularly focused on the State=s burden to disprove the elements of his justification
defenses.  However, appellant=s proposed
focus and framing of the issue does not alter the standards of review outlined
above.  We have considered all the evidence and the jury=s implicit finding against appellant=s justification defenses, consistent with the analysis
employed by the Court of Criminal Appeals in Zuliani.  





[7]  Although not specifically stated as an issue for
review, appellant seems to contend the State made various improper jury
arguments.   However, appellant failed to properly preserve error for our
review.  Generally, to preserve a complaint for appellate review, a party must
have presented the trial court with a timely request, objection, or motion
stating the specific grounds for the ruling sought.   Tex. R. App. P. 33.1; Cockrell
v. State, 933 S.W.2d 73, 88 (Tex. Crim. App. 1996).  The record fails to
demonstrate appellant objected to the arguments at issue.  Accordingly, to the
extent appellant complains regarding allegedly improper argument, he has waived
any such complaints.